IN RE LEWIS HACKBART.

**INSURANCE:** Right to Proceeds—Sheriff's Deed Holder. A second mortgagee who forecloses, and, after redeeming from a first mortgage foreclosure, takes a sheriff's deed, is entitled to the proceeds of a fire insurance policy taken out by the *mortgagor* for the benefit of the first mortgagee; and this is true even though the fire occurred during the period for redemption from the second mortgage. (See Book of Anno., Vol. 1, Sec. 12376, Anno. 85 *et seq.*)

Headnote 1: 26 C. J. p. 439 (Anno.)

Headnote 1: 6 L. R. A. (N. S.) 448.

*Appeal from Washington District Court.*—D. W. HAMILTON, Judge.

OCTOBER 26, 1926.

REHEARING DENIED APRIL 7, 1927.

This is an agreed case in equity to determine the right to the proceeds of a certain policy of fire insurance. The court ordered the fund paid to the holder of a sheriff's deed. From such decree this appeal is prosecuted. The facts appear in the opinion.—*Affirmed.*

*Eardley Bell, Jr.,* and *Edmund D. Morrison,* for appellant Fisher.

*Livingston & Eicher,* for appellee Farmers' Mutual Ins. Assn.

*Henry Negus,* for appellee Hackbart.

Faville, J.—Hackbart owned a farm which he sold and conveyed by warranty deed to Fisher. Fisher is now deceased, and his administratrix is one of the parties to this action. Fisher assumed a mortgage to the Northwestern Mutual Life Insurance Company for $12,000, which was outstanding on said premises and a first lien thereon. He gave Hackbart a second mortgage on said premises in the sum of $15,160. The first mortgage contained a provision that, "so long as any part of the debt hereby secured remains unpaid," the mortgagor will keep the buildings insured against loss by fire. The second mortgage likewise contained an insurance clause requiring the mortgagor to keep the buildings insured in some good company for the benefit of the mortgagee. Fisher obtained an insurance policy from the Farmers' Mutual Insurance Association of Washington County, Iowa, in October, 1920. A rider was attached to this policy, making the insurance payable to the first mortgagee, the Northwestern Mutual Life Insurance Company, "as its interest may appear." In October, 1922, Hackbart brought an action to foreclose the second mortgage. This proceeded to decree and sheriff's sale, and on February 5, 1923, the land was sold at sheriff's sale to Hackbart for the full amount due on his mortgage. Suit to foreclose the first mortgage was begun in August, 1923, and sheriff's sale under said foreclosure occurred on November 5, 1923. The mortgagee, the Northwestern Mutual Life Insurance Company, bid the full amount due on its decree at said sheriff's sale, and received sheriff's certificate. In August of 1924, Hackbart, as the owner of the sheriff's certificate of sale under the

foreclosure of the second mortgage, redeemed from the execution sale under the foreclosure of the first mortgage. On October 14, 1923, the building covered by the insurance policy was burned. The insurance company admits its liability for the loss, and has paid the sum into court for the use of the party entitled thereto.

The Northwestern Mutual Life Insurance Company, having been paid in full under the redemption effected by Hackbart from its foreclosure sale, makes no claim to the insurance; and the question for determination is whether Hackbart is entitled to the proceeds of the insurance, or whether the estate of Fisher is entitled thereto. Sheriff's deed was issued to Hackbart under his sheriff's certificate on February 5, 1924.

It is the contention of the appellant that a contract of insurance is a strictly personal contract between the insured and the insurer, and that the administratrix of Fisher's estate, under the facts stated, is entitled to the proceeds of said insurance.

It is undoubtedly true that it is the English rule that an insurance policy is a personal contract between the insurer and the insured, and that, in event of loss, the amount payable under the insurance policy belongs solely to the insured. We recently had occasion to consider this question in the case of *Brady v. Welsh*, 200 Iowa 44, and it is unnecessary that we repeat the discussion therein contained, or again review the authorities. Our holding in said case is against the contention of the appellant herein that the contract of insurance is wholly a personal one between the insurer and the insured. We held in said case, which was an action in equity by the vendee of real estate under an executory contract of sale of real estate, to recover insurance money paid to the vendor for the loss of buildings upon the premises, that the vendee was entitled to recover; and we expressly refused to follow the English doctrine.

In the case at bar, Hackbart secured a sheriff's certificate of sale under the foreclosure of the second mortgage. Fisher made no attempt to redeem from this foreclosure, and it ripened into a sheriff's deed. Hackbart was, in quite a proper sense, an involuntary purchaser of the premises. He was compelled to redeem from the foreclosure of the first mortgage to save his rights, and this he did. He had at least an equitable interest in the premises. As a redemptioner from the foreclosure of the first mortgage, Hackbart stood in at least as favorable a position

toward the outstanding insurance on the premises which had been secured by Fisher as though he were the vendee of Fisher. It is argued that the redemption by Hackbart under his sheriff's certificate from the sale under the first mortgage was an extinction of the debt of Fisher to the Northwestern Mutual Life Insurance Company for which the insurance on the building was but additional security, and that, the debt having been wiped out by the redemption made by Hackbart, the latter cannot keep the security, to wit, the insurance policy, alive for his benefit. But such is not exactly the situation. Hackbart's redemption from the foreclosure of the first mortgage was made under the statute. It is true that he paid the full amount of the debt that was due the insurance company to effectuate his redemption, but he held the property under his redemption subject to the further right of redemption on the part of the mortgagor Fisher. Fisher made no attempt to redeem. After the foreclosure sale under the first mortgage, Fisher's rights in the premises were those of a redemptioner, under the statute, with the right of possession. If he had made such a redemption of the premises, he would undoubtedly have been entitled to the insurance money. But he made no attempt to redeem. The premises at the end of the redemption period were depreciated by the destruction of the burned building. The insurance money, in a proper sense, represented the buildings so destroyed. That money is a fund now in the hands of a court of equity. It should in equity take the place of the destroyed building, under these circumstances. If Fisher had made redemption of the premises, he would have been entitled to the insurance money as substitute for the depreciation by reason of the loss by fire. Hackbart, as an involuntary purchaser of the premises under his redemption, is entitled to the entire premises, a portion of which is represented by the insurance fund now in court.

Following the reasoning of the *Brady* case and the authorities therein cited, we see no escape from the conclusion that the decree of the district court awarding the said insurance money to Hackbart was correct; and the decree must be, and it is, affirmed.—*Affirmed.*

De Graff, C. J., and Stevens and Vermilion, JJ., concur.